**ORIGINAL**

# In the United States Court of Federal Claims

No. 17-1131C

(Filed: September 20, 2017)

**FILED**

SEP 20 2017

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| AZAEL D. PERALES, ) | |
| ) | |
| Pro Se Plaintiff, ) | Pro Se Complaint; Sua Sponte |
| v. ) | Dismissal; Frivolous. |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

ORDER

On August 21, 2017, plaintiff filed the fourth in a series of complaints in this court. His earlier complaints were all dismissed sua sponte for lack of subject matter jurisdiction, and his last two suits were described by this court as frivolous. See Case No. 17-867C (dismissed July 28, 2017); Case No. 11-91C (dismissed February 17, 2011); see also Perales v. United States, 93 Fed. Cl. 495 (dismissing plaintiff's petition for a writ of habeas corpus), aff'd, 399 F. App'x 581 (Fed. Cir. 2010). The latest complaint follows the pattern of the complaint filed in Case No. 11-867C -- identifying a large number of officials and agencies as defendants, alleging numerous violations of law, and attaching an incoherent array of documents espousing various legal principles.

The factual basis of the suit, however, is quite simply stated in the complaint:

> Starting in or around April 2008 to Present August 15, 2017 the Defendants conspired in acts of torture towards me by placing harmful electrical devices emitting powerful and dangerous radio signals to my brain while semi unconscious prior to falling asleep. The same devices are currently installed along the streets in electrical poles on the cross streets of Chestnut Street and Williams Avenue in the city of Fullerton, CA 92832 of in Orange County. The last signals I was subjected to this torture was on Thursday August 3, 2017 in violation of the Court[']s restraining order, thank you.

7017 1450 0000 1346 2724

Compl. at 2. The "restraining order" is identified in the complaint as an order issued by this court "on or around May 2011." Id. The only order issued in plaintiff's 2011 case was the order of sua sponte dismissal for lack of jurisdiction, which described the complaint in that case as frivolous and "jurisdictionally baseless." Case No. 11-91C, ECF No. 4, at 3.

There is no subject matter jurisdiction in this court for claims of torture. Plaintiff's complaint is thus beyond the jurisdiction of this court and is, once again, frivolous. For this reason, the clerk's office is directed to **ENTER** judgment **DISMISSING** plaintiff's complaint, without prejudice, for lack of subject matter jurisdiction. As the court noted in its dismissal of Case No. 17-867C, filed less than two months ago, Mr. Perales has initiated a great number of lawsuits in federal courts in a vexatious and frivolous manner. For the reasons stated in that prior dismissal, his motion to proceed in forma pauperis, ECF No. 4, is again **DENIED**. Additionally, the clerk's office is directed to **RETURN** any future filings in this case that are not in compliance with this court's rules to plaintiff, unfiled, without further order.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Judge